| | |
|---|---|
| JAMES MAXENIER<br>111 White Plains Road<br>Bronxville, New York 10708<br><br>*Plaintiff*<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, t/a "AMTRAK"<br>1 Massachusetts Avenue, NW<br>Washington, D.C. 20001<br><br>Serve On:<br>CT Corporation<br>1015 15th Street NW<br>Suite 1000<br>Washington, DC 20005 | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br><br><br><br><br><br><br>Civil Case No. 24-C-20-005114 MT |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, James Maxenier, by his attorneys, Richard P. Seitz and the Law Offices of Peter G. Angelos, P.C., sues Defendants, and for cause states:

### BACKGROUND

1. The cause of action arose fall which occurred in Baltimore City, specifically at Baltimore's Pennsylvania Station located at 1500 N. Charles Street.

2. Defendant National Railroad Passenger Corporation ("Defendant" or "Amtrak"") is a corporation with is its principle place of business in Washington, D.C. The defendant Amtrak is in the business of the interstate transportation of passengers, charging passengers for such transportation, and is a common carrier. Upon information and belief, Defendant regularly conducts and carries on business in the State of Maryland, and owns and maintains railroad tracks between, among many other locations, Baltimore and New York.

3. Plaintiff is a resident of New York state.

4. This civil action may be brought in the Circuit Court for Baltimore City pursuant to the provisions of Maryland Courts and Judicial Proceedings Code Annotated §§6-103(b), 6-201(a), and 6-202(8).

## FACTS COMMON TO ALL COUNTS

5. At all times hereinafter mentioned, Amtrak operated a commuter railroad network known as the "North East Regional," including passage from Baltimore to New Rochelle, New York.

6. Upon information and belief, at all times hereinafter mentioned, Amtrak owned the trains and tracks between which operated as the North East Regional between Baltimore and New York, including track E6 at Baltimore's Pennsylvania Station.

7. Upon information and belief, Amtrak trains are operated by engineers who are employed by Amtrak.

8. Upon information and belief, the train engineer of train No. 197 was employed by Amtrak and was operating the aforesaid train within the scope and/or course of his employment.

9. Upon information and belief, at all times hereinafter mentioned, Amtrak operated, managed, and maintained Amtrak train No. 197.

10. On December 15, 2017 at approximately 12:47 p.m., Plaintiff was a lawful, ticketed passenger with Amtrak on the North East Regional, with an itinerary from Baltimore's Pennsylvania Station to New Rochelle station in New York aboard Train 197.

11. As Plaintiff approached the furthest forward entry door on the train, he attempted to board the train, stepping from the platform onto the train.

12. As Plaintiff stepped from the platform to the train, he was caused to fall between the platform and the train as a result of an abnormally large and vast gap between the train and the platform.

13. Plaintiff fell as a result of a dangerous defective and unsafe condition that was permitted to exist for an unreasonable length of time and was known or in the exercise of reasonable care, should have been known to defendant, their agents, servants and/or employees.

14. As a result of the aforesaid incident, Plaintiff sustained severe and permanent personal injuries to his right lower extremity, and other parts of the body, and all damages are permanent in nature and continuing into the future.

## COUNT ONE – NEGLIGENCE.

15. Plaintiff incorporates each of the preceding paragraphs as if fully recounted.

16. Defendant owned, operated, managed, and maintained Track E6 at Baltimore's Pennsylvania Station.

17. At all times mentioned, the defendant, its agents, servants and/or employees had a duty to maintain the aforesaid train tracks, platform, and train at Track E6 of the subject station in a reasonably safe condition.

18. At all times hereinafter mentioned, the defendant had a duty of care to Plaintiff as a passenger on Amtrak train No. 197.

19. Amtrak, by its agents, servants and/or employees, were negligent and careless in:
    a. the ownership, operation, management and control of said track platform, train, and gap in between;
    b. in causing, permitting and allowing the aforesaid platform and gap to be, become and remain in an unsafe condition;

c. in causing, permitting and/or allowing said platform and gap to be, become and remain in a dangerous, hazardous and trap like condition;

d. in failing to recognize and/or barricade the aforesaid dangerous conditions;

e. in maintaining an unsafe and hazardous platform-to-railcar horizontal space at passenger Track E6 (horizontal space between the edge of the platform and the edge of the railcar door threshold was approximately twelve inches;

f. In improperly monitoring the aforesaid place sometime prior to the occurrence;

g. in causing, permitting and/or allowing the platform and gap to be, become and remain in a size that was inherently dangerous;

h. in failing to take any measures to guard against the dangerous condition complained of;

i. in failing to warn Plaintiff of the dangerous and defective condition existing thereat;

j. in causing and creating a dangerous and hazardous condition;

k. in failing to post warnings at the aforesaid location, which was in an unsafe, dangerous and hazardous condition;

l. in failing to prevent pedestrians from falling into the gap;

m. in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of;

n. in failing to provide effective cautionary communications on the train and at the platform;

o. in that no barricades, signs or any other warning devices were set up and/or posted indicating the dangerous condition that existed;

p. in causing and creating an obstruction; in failing to take adequate care in providing a proper and safe area for patrons to traverse the aforementioned platform;

q. in failing to provide a safe place for Plaintiff to walk;

r. in failing to reasonably anticipate that patrons lawfully traversing said platform area could sustain physical injuries by reason of the unsafe, dangerous and defective condition that existed;

s. in failing to provide sufficient training to safety staff to identify unsafe conditions at said platform;

t. failure to enforce rule compliance with its staff;

u. in failing to provide personnel to help passengers boarding the train;

v. in failing to utilize an up-to-date safety audit system;

w. in allowing the platform-to-railcar horizontal and vertical gap at Track E6 on the date complained of to be more than the gap permitted by the applicated codes, standards, best-practices, etc.;

x. in failing to have threshold plates installed on the subject train stationed at Track E6 at the time of the subject occurrence;

y. in failing to install gap fillers and platform edge boards at Track E6;

z. in failing to limit the gap between the platform and the subject train at Track E6;

aa. in failing to realign the platform at Track E6;

bb. in failing to remedy, properly remedy and/or timely remedy the aforesaid dangerous and hazardous conditions although it had or should have had notice thereof in view of the fact that said conditions existed for some time prior to the occurrence herein and had notice thereof of its presence, and had a duty to

insure the safety of commuters thereon, and defendant, its agents, servants and/or employees, failed to provide a safe place for Plaintiff and others to board or exit the trains;

cc. and in otherwise being negligent, careless and reckless in the as to this train and these tracks, although they had proper and timely notice of said defects.

20. The injuries and damages caused to Plaintiff were a result of the carelessness and negligence of the defendant, as aforesaid, with no negligence on the part of Plaintiff contributing thereto.

21. As a direct and proximate result of the aforesaid personal injuries, the Plaintiff has been damaged as follows:

a. he has suffered and will continue to suffer considerable physical and emotional pain and suffering;

b. he was obligated to obtain and continues to be obligated to obtain hospital and medical care and treatment and thus, has incurred and will continue to incur substantial medical expenses;

c. he has sustained permanent injuries and thusly has been prevented and continues to be prevented from engaging in his usual occupations, pastimes and pursuits in which he would have engaged but for the aforementioned injuries; and

d. he was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in excess of $75,000, plus costs, pre-judgment interest and post-judgment interest as this Court deems appropriate

Respectfully Submitted,

_[signature]_

Richard P. Seitz
CPF#: 0912170153
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 North Charles Street
Baltimore, Maryland 21201
410-649-2000
410-649-2029 (f)
rseitz@lawpga.com

*Attorneys for Plaintiff*

| | |
|---|---|
| JAMES MAXENIER<br>111 White Plains Road<br>Bronxville, New York 10708<br><br>*Plaintiff*<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, t/a "AMTRAK"<br>1 Massachusetts Avenue, NW<br>Washington, D.C. 20001<br><br>Serve On:<br>CT Corporation<br>1015 15th Street NW<br>Suite 1000<br>Washington, DC 20005 | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br><br><br><br><br><br><br>Civil Case No. 24-C-20-005114 |

## REQUEST FOR JURY TRIAL

Plaintiff requests that this case be tried before a Jury.

Respectfully Submitted,

Richard P. Seitz
CPF#: 0912170153
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 North Charles Street
Baltimore, Maryland 21201
410-649-2000
410-649-2029 (f)
rseitz@lawpga.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR Baltimore City
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT   CASE NUMBER 24-C-20-005114 (Clerk to Insert)

CASE NAME: James Maxenier vs. National Railroad Passenger Corp.
            Plaintiff                    Defendant

PARTY'S NAME: James Maxenier    PHONE:

PARTY'S ADDRESS: 111 White Plains Road, Bronxville, NY 10708

PARTY'S E-MAIL:

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Richard P. Seitz    PHONE: 4106492000
PARTY'S ATTORNEY'S ADDRESS: 100 N. Charles St., 22nd Flr., Baltimore, MD 21201
PARTY'S ATTORNEY'S E-MAIL: rseitz@lawpga.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:

ANTICIPATED LENGTH OF TRIAL?: ___ hours  3 days

### PLEADING TYPE

New Case: ☒ Original   ☐ Administrative Appeal   ☐ Appeal
Existing Case: ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case, skip Case Category/Subcategory section - go to Relief section*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)    Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☒ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish-Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute.  ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) | | | |
|---|---|---|---|

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☒ Medical Bills $ ~83,000     ☒ Wage Loss $ TBD     ☐ Property Damages $_____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation         ☒Yes  ☐No         C. Settlement Conference   ☒Yes  ☐No
B. Arbitration       ☐Yes  ☒No         D. Neutral Evaluation      ☐Yes  ☒No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

### ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. (Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited- Trial within 7 months of          ☐ Standard - Trial within 18 months of
   Defendant's response                            Defendant's response

### EMERGENCY RELIEF REQUESTED

### COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ Expedited - Trial within 7 months of Defendant's response

☐ Standard - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☒ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

12/14/2020
Date

100 N. Charles St., 22nd Flr.
Address

Baltimore   MD   21201
City   State   Zip Code

Signature of Counsel/Party

Richard S. Seuz, CPF. No. 0912170153
Printed Name

CC-DCM-002 (Rev. 04/2017)   Page 3 of 3